CHARLES B. FURBER et al. *vs.* MRS. LEVI C. WADE.

Sagadahoc.    Opinion December 2, 1909.

*Sales.    Evidence.    Sufficiency.*

Evidence in an action to recover for fishing tackle, guns, revolvers, ammunition and materials for bicycle repairs furnished to the defendant's minor sons, *held* sufficient to sustain a recovery by plaintiff, on the theory that defendant authorized delivery to her sons.

On motion by defendant.    Overruled.

Assumpsit on account annexed to recover for fishing tackle, guns, revolvers, ammunition, etc., furnished to the defendant's minor sons. Verdict for plaintiffs for $82.28.    The defendant then filed a general motion to have the verdict set aside.

The case is stated in the opinion.

*Staples & Glidden*, for plaintiffs.

*Edward C. Plummer*, for defendant.

SITTING: WHITEHOUSE, SAVAGE, SPEAR, CORNISH, KING, BIRD, JJ.

WHITEHOUSE, J. The plaintiffs recovered a verdict against the defendant of $82.28 for fishing tackle, guns, revolvers, ammunition and materials for bicycle repairs furnished to the defendant's minor sons in the year 1898. The case comes to the Law Court on a motion to set aside the verdict as against the law and the evidence.

It is not in controversy that the goods sued for were furnished as claimed and the plaintiffs contend that they sold and delivered them on the credit and responsibility of the defendant. They further contend that they were warranted in so doing first, because as they say, the defendant's father, William Rogers of Bath, with whom the defendant and her sons were living in the spring and summer of 1898, introduced one of the boys to the plaintiffs as his grandson, and acting as agent of the defendant, assured them that "whatever they let the boys have would be all right;" and second, because the defendant herself came to the store and stated that whatever the boys got there "would be paid for—that she would pay for it."

The defendant denies the authority of her father to make the statement to the plaintiffs attributed to him, denies that she ever stated to the plaintiffs that she would pay for the goods which the boys might obtain at their store and testifies that on the contrary, she went to the plaintiffs' store in person before the delivery of the goods sued for and told them not to deliver any more goods to her sons without a written order from her.

There was a conflict of testimony relating to these issues of fact, but it was not in controversy that before the goods were delivered, the defendant had paid one bill for goods similar to those in question obtained by the boys after the introduction by Mr. Rogers, and it is contended by the plaintiffs that this bill was contracted in 1897. The plaintiffs admit that after the bill sued for had been contracted, they received a letter from the defendant, which was lost after the dissolution of the firm, requesting them not to furnish any more goods to the boys without an order from her, but deny that any such notice either written or oral, was ever given to them before the delivery of the goods in question. Neither the

defendant nor her private secretary was able to state the year or the season when the alleged oral notice was given to the plaintiffs and the plaintiffs insist that the defendant and her witness made a mistake in regard both to the character of the notice and the time when it was given.

It is not denied that Mr. Rogers introduced his grandson with the statement attributed to him, and it is admitted that the bill of goods thereafter presented was paid by check by the defendant without objection or complaint. The testimony of the plaintiffs that the defendant herself especially authorized them to furnish goods to the boys is not shown to be so improbable and is not so overborne by other evidence as to justify the court in declaring it absolutely incredible. There was sufficient evidence if believed, to support the verdict of the jury in favor of the plaintiffs, and the court therefore would not be warranted in setting it aside.

*Motion overruled.*